[Cite as *In re L.D.*, 2015-Ohio-3182.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| IN THE MATTER OF: | : | Judges: |
| | : | Hon. Sheila G. Farmer, P.J. |
| L.D. | : | Hon. Patricia A. Delaney, J. |
| M.S. | : | Hon. Craig R. Baldwin, J. |
| R.D. | : | |
| J.C. | : | Case Nos. 15CA27 |
| | : | 15CA28 |
| DEPENDENT CHILDREN | : | 15CA29 |
| | : | 15CA30 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Juvenile Division, Case Nos. 2011-DEP-00162, 2011-DEP-00163, 2011-DEP-00164, 2011-DEP-00141


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      August 7, 2015


APPEARANCES:

For Appellant

JOHN C. O'DONNELL
10 West Newlon Place
Mansfield, OH 44902

For Appellee

J. PETER STEFANIUK
731 Scholl Road
Mansfield, OH 44907

*Farmer, P.J.*

{¶1}   On August 1, 2011, appellee, Richland County Children Services, filed a complaint alleging three children, L.D. born March 23, 2008, R.D. born April 25, 2009, and M.S. born September 25, 2010, to be dependent and/or neglected children. Appellee sought an order of protective supervision.  Mother of the children is appellant, Billy Jo Stanley; father of M.S. is David Crane; the father(s) of L.D. and R.D. is presumed, putative, or unknown.

{¶2}   On February 6, 2012, the children were found to be dependent, and were placed under appellee's protective supervision.

{¶3}   On March 20, 2012, appellant had a fourth child, J.C.  Father of this child is Mr. Crane.

{¶4}   On November 27, 2012, the children were placed in emergency shelter care with appellee at the request of appellant.

{¶5}   On December 26, 2012, J.C. was found to be a dependent and neglected child and was placed in appellee's temporary custody.

{¶6}   On February 28, 2013, all the children were placed in appellee's temporary custody.

{¶7}   On July 31, 2014, appellee filed a motion for permanent custody of the children.  Hearings before a magistrate were held on October 27 and 29, and November 10, 2014.  By decision filed December 4, 2014, the magistrate granted the motion and terminated parental rights.  Appellant filed objections.  By judgment entry filed March 31, 2015, the trial court overruled the objections except for one pertaining to R.C. 2151.414(E)(4), and approved and adopted the magistrate's decision.

{¶8}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶9}   "TRIAL COURT ERRED IN FAILING TO SUBMIT FINDINGS OF FACT BEFORE GRANTING PERMANENT CUSTODY OF THE CHILDREN TO RICHLAND COUNTY CHILDREN SERVICES."

II

{¶10}   "TRIAL COURT'S CONCLUSION THAT PERMANENT CUSTODY WAS WARRANTED IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE."

I, II

{¶11}   Appellant claims the trial court erred in failing to make sufficient findings of facts before granting permanent custody to appellee.  Specifically, appellant claims appellee failed to prove the existence of any of the factors listed in R.C. 2151.414(D) and (E).  Appellant also claims the trial court's decision to grant permanent custody of the children to appellee was not supported by clear and convincing evidence.  We disagree.

{¶12}   R.C. 2151.414(E) sets out the factors relevant to determining permanent custody.  Said section states in pertinent part the following:

(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the

court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;

(16) Any other factor the court considers relevant.

{¶13} R.C. 2151.414(B)(1)(d) specifically states permanent custody may be granted if the trial court determines, by clear and convincing evidence, that it is in the best interest of the child and:

> (d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state.

{¶14} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus. See also, *In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross* at 477.

{¶15} R.C. 2151.414(D)(1) sets forth the factors a trial court shall consider in determining the best interests of a child:

(D)(1) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶16} In its decisions filed December 4, 2014 in each separate case, the magistrate found by clear and convincing evidence the children had been in appellee's continuous custody "from November 27, 2012 to present." Therefore, the magistrate found R.C. 2151.414(B)(1)(d), cited above, applied.

{¶17} The magistrate then found by clear and convincing evidence the children could not be placed with either parent within a reasonable amount of time, citing the factors under R.C. 2151.414(E)(1) and (4), cited above.

{¶18} The magistrate evaluated best interests under R.C.2151.414(D)(1)(a) cited above and concluded appellant's "lifestyle choices" and "inattentive and neglectful nature" threatened "the health and safety" of the children and provided for them "an unstable and neglected existence with negative consequences for ***growth and development." The magistrate also made a finding under R.C. 2151.414(D)(1)(c), cited above.

{¶19} Appellant filed objections to the magistrate's decision. In its judgment entries filed March 31, 2015 in each separate case, the trial court approved and adopted the magistrate's decision except for one factor, finding the following in pertinent part:

6. Billie Jo Stanley, the child's mother herein, filed the following Objections to the Magistrate's Decision: 1) That RCCSB failed to prove by clear and convincing evidence the existence of any "E" factor under O.R.C. §2151.414(E) (specifically, the failure to prove by sufficient evidence factors (E)(1) and (E)(4) of O.R.C. §2151.414), such that it was error for the Magistrate to find that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent; 2) That RCCSB failed to prove by clear and convincing evidence that it is in the best interests of the child for the Court to terminate parental interests and place the child in the permanent custody of RCCSB.

Upon review of the Magistrate's Decision and the record the Court finds that the Objections are without merit as to the child's mother, Billie Jo Stanley, with the sole exception that the Court does find that RCCSB failed to prove by clear and convincing evidence an unwillingness or lack of commitment by the child's mother to provide an adequate permanent home for the child. While there is evidence of the failure of Ms. Stanley to comply with the case plan, the Court finds that much or most of that failure was due to her personal struggles with depression, hopelessness, and general feelings of being overwhelmed by her life's circumstance (i.e., by reason of homelessness, unstable personal and relational circumstances, bleak economic present and future, etc.) and not because of any volitional unwillingness on her part to provide an adequate home for the child.

8. Regardless of the establishment or non-establishment of any "E" factor under O.R.C. §2151.414, the Court finds by clear and convincing evidence the following and enters the same as Supplemental Findings of Fact/Conclusions of Law:

(1) The child herein has been in the temporary custody of RCCSB for twelve or more months of a consecutive twenty-two month period (O.R.C. §2151.414(B)(1)(d)).

(2) It is in the best interest of the child to grant permanent custody of the child to RCCSB (O.R.C. §2151.414(B)(1)).

Upon *de novo* review the Court otherwise finds that the Magistrate's Decision is supported by clear and convincing evidence and applicable law.   Accordingly, except with regard to the sole Objection sustained herein (i.e., the failure of RCCSB to prove by sufficient evidence factor (E)(4) of O.R.C. §2151.414 as to the child's mother, Billie Jo Stanley), all other Objections are overruled.

{¶20}  In each judgment entry under ¶ 7, the trial court made a specific finding as to the respective father.

{¶21}  Upon review, we find the magistrate's decisions and the trial court's judgment entries, when read in pari materia, appropriately met the requirement of findings of fact.

{¶22}  In finding clear and convincing evidence to grant permanent custody of the children to appellee, the trial court found the children had been in appellee's temporary

custody for twelve or more months of a consecutive twenty-two month period under R.C. 2151.414(B)(1)(d), cited above. The trial court made the same finding for best interests. Appellant does not challenge these findings. T. at 442.

{¶23} "When granting permanent custody under R.C. 2151.414(B)(1)(d), the trial court need not find that the child cannot or should not be placed with either parent within a reasonable time since such a finding is implicit in the time frame provided in the statute." *In re Myers Children* 4th Dist. Athens No. 03CA23, 2004-Ohio-657, ¶ 10. We note "only one of the factors set forth in R.C. 2151.414(D) needs to be resolved in favor of the award of permanent custody in order for the court to terminate parental rights." *In re Z.T.,* 8th Dist. Cuyahoga No. 88009, 2007-Ohio-827, ¶ 56.

{¶24} In approving and adopting the magistrate's decision, the trial court also found, as stated above, appellant's "inattentive and neglectful nature" threatened "the health and safety" of the children and provided for them "an unstable and neglected existence with negative consequences for ***growth and development." The trial court concluded there was no evidence of relative placement, the parents have failed to provide the children with a legally secure placement, and appellee has made reasonable and diligent efforts to prevent the removal of the children from the home.

{¶25} Despite the mandating language of R.C. 2151.414(D)(1)(c), appellant argues she was not given reasonable time to complete the case plan and the granting of permanent custody of the children to appellee was not in their best interests.

{¶26} Prior to the children being placed in appellee's temporary custody on February 28, 2013, appellee had been involved with appellant and the family on housing, cleanliness, food, dental care, medical care, substance abuse issues, and

discipline. T. at 36-37, 41, 45, 148-150, 152, 154-163, 166, 169-173, 175-177, 265-279. The children had been placed under appellee's protective supervision on December 15, 2011, and were placed in emergency shelter care with appellee at the request of appellant on November 27, 2012. T. at 179-180, 186. Despite appellee's efforts to assist appellant and the family, the parents could not complete the objectives of the case plan. T. at 328-334.

{¶27} The case plan objectives included mental health and substance abuse assessments and follow through, attend parent education classes, obtain stable housing, and maintain basic needs for the children. T. at 305. Appellant engaged in mental health evaluations, but failed to follow through with counseling. T. at 307, 311-313, 393-396. Appellant and the family lived in seven different places, including motels and other people's residences. T. at 119-120, 324-325. Appellant's only employment was at a gentlemen's club for a temporary period of time. T. at 120-121. Appellee sanctioned appellant from her medical card for non-compliance with child support. T. at 334. Although appellant attempted to comply with her assessments and attend some parenting classes, Mr. Crane has not attempted to meet the objectives of the case plan. T. at 328-334.

{¶28} During the pendency of the case, appellant gave birth to two additional children, and had broken up with the alleged father of these children, Mr. Crane, three or four times. T. at 127, 245, 316. In August 2014, appellant was accused of assaulting Mr. Crane's cousin, and was later found by the police sitting on a bench just before midnight with a week old baby in her arms and another very young child. T. at 234-237, 254. She told the police officer she "had nowhere to go." T. at 236. Both the children

did not have proper clothing on, were urine soaked, and appellant was without diapers or food/formula. T. at 237-238, 254. Appellee has filed a complaint in juvenile court regarding these two children. T. at 336.

{¶29} Appellant's visitation with the children was problematic and chaotic because she demonstrated an inability to manage the children and appeared very frustrated and anxious. T. at 37-39, 44, 89-90, 93-94, 126-130, 322-323.

{¶30} As of the date of the hearing, appellant had been accepted in METRO housing for a two bedroom unit which was not large enough for six children and two adults. T. at 314-316.

{¶31} The guardian ad litem testified and opined permanent custody of the children to appellee would be in their best interests. T. at 118. She opined the parents could not provide a legally secure placement for the children. T. at 135.

{¶32} The foster mother of M.S. and J.C. noted the improvement of the two children and expressed a desire to adopt them. T. at 77, 80. The two children have bonded with the foster family and are thriving. T. at 83, 134, 335. L.D. and R.D. were in a transitional plan, visiting with a family that was interested in adopting them. T. at 336.

{¶33} Upon review, we find the evidence presented supports a finding that permanent custody is in the best interests of the children.

{¶34} Assignments of Error I and II are denied.

{¶35} The judgment of the Court of Common Pleas of Richland County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, P.J.

Delaney, J. and

Baldwin, J. concur.

SGF/sg 714